11-481-cv
Matisi v. Liberty Mut. Grp., Inc.

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 28th day of August, two thousand twelve.

PRESENT: REENA RAGGI,
GERARD E. LYNCH,
DENNY CHIN,
*Circuit Judges*.
------------------------------------------------------------------------
STACY MATISI,
*Plaintiff-Appellant*,

v.                                                      No. 11-481-cv

LIBERTY MUTUAL GROUP, INC.,
*Defendant-Appellee*,

CITIZENS FINANCIAL GROUP, INC., RBS CITIZENS,
N.A., d.b.a. CITIZENS BANK,
*Defendants*.
------------------------------------------------------------------------
FOR APPELLANT:            RONALD R. BENJAMIN, Binghamton,
                          New York.

APPEARING FOR APPELLEE:   WILLIAM E. REYNOLDS, Bond, Schoeneck &
                          King, PLLC, Albany, New York.

Appeal from a judgment of the United States District Court for the Northern District of New York (Thomas J. McAvoy, *Judge*).

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the judgment entered on January 21, 2011, is AFFIRMED.

Plaintiff Stacy Matisi appeals from a judgment entered against her after a bench trial on her claim for benefits under her employer's Employee Retirement Income Security Act ("ERISA") short-term disability benefits plan ("Plan"). See 29 U.S.C. § 1132(a)(1)(B). Upon de novo review of the disability determination made by the plan administrator, defendant Liberty Mutual Group, Inc. ("Liberty"), see Connors v. Conn. Gen. Life Ins. Co., 272 F.3d 127, 134 (2d Cir. 2001) (holding that district court reviews benefits eligibility determination by ERISA plan administrator de novo unless plan confers discretion on administrator to determine eligibility), the district court found that Matisi ceased to be "disabled" within the meaning of the Plan as of November 20, 2008. We review the district court's factual findings after a bench trial for clear error and its conclusions of law de novo. See Diesel Props S.r.l. v. Greystone Bus. Credit II LLC, 631 F.3d 42, 51–52 (2d Cir. 2011). While we assume the parties' familiarity with the facts and record of prior proceedings, a brief summary of certain facts is necessary to explain our decision to affirm.

On August 4, 2008, Matisi, a branch manager for Citizens Bank, had surgery to treat severe chronic back pain and left leg radiculopathy. Liberty approved her claim for short-term disability benefits under the Plan because her surgeon, Dr. Daniel Galyon, indicated that

2

she would be unable to return to work until at least mid-September 2008. Dr. Galyon's reports of Matisi's continued debilitating pain resulted in Liberty extending benefits in the months after surgery until Dr. Galyon's office reported to Liberty in a November 19, 2008 "return to work slip" that Matisi would be able to return to her job the next day if Citizens Bank permitted her to change positions between sitting and standing at least every 15 minutes and did not require her to lift any object over 20 pounds. Because Citizens Bank indicated that it would accommodate Matisi's physical limitations, and because there was no evidence that Matisi would have been unable to perform the responsibilities of her job with those limitations, the district court found that Matisi was no longer disabled within the meaning of the Plan as of November 20, 2008.

Matisi argues that the district court erred in interpreting the Plan's definition of "disabled" to permit a finding that she ceased to be disabled when her employer stated a willingness to accommodate certain limitations on her return to work. The argument fails. The Plan defines "Disability" and "Disabled" to mean that "the Covered Person, as a result of Injury or Sickness, is unable to perform the Material and Substantial Duties of his Own Job." Plan Description § 2. "Material and Substantial Duties" are those "responsibilities that are normally required to perform the Covered Person's Own Job and cannot be reasonably eliminated or modified." Id. Thus, while Citizens Bank initially indicated that Matisi's job required her to perform certain substantive duties and possess certain physical abilities, Citizens Bank's subsequent determination that those requirements could be

3

"reasonably eliminated or modified" to accommodate Matisi's physical limitations[1] clearly permitted the district court to find that Matisi had failed to carry her burden of proving that she was "unable to perform the Material and Substantial Duties" of her job as of November 20, 2008.[2] Id.

Insofar as Matisi argues that the district court should have drawn a different inference from record evidence, "[t]he fact that there may have been evidence to support an inference contrary to that drawn by the trial court does not mean that the findings made are clearly erroneous." Diesel Props S.r.l. v. Greystone Bus. Credit II LLC, 631 F.3d at 52. Indeed, as factfinder, the district court was permitted "to believe some parts and disbelieve other parts of the testimony of any given witness." Id. Thus, the district court was not required as a matter of law to credit Dr. Galyon's deposition testimony casting doubt on his office's November 19, 2008 opinion that Matisi was able to return to work with some restrictions on November 20, 2008.

Matisi further argues that the district court failed to consider other evidence in the administrative record postdating Liberty's November 19, 2008 disability determination. The

---

[1] On appeal, Matisi does not challenge the district court's decision to admit evidence that Citizens Bank told Liberty that it was willing to accommodate Matisi's limitations under the business records exception to the hearsay rule. See Fed. R. Evid. 803(6). Accordingly, we do not consider the point further. See Jackler v. Byrne, 658 F.3d 225, 233 (2d Cir. 2011) (deeming arguments not raised in opening brief abandoned).

[2] The parties stipulated in the district court that Matisi bore "the burden of showing that she was disabled, under the terms of the policy, as of November 20, 2008." Joint Pretrial Stipulation at 2.

4

record itself defeats this argument.[3]  The district court indicated that it had considered "all the evidence introduced at trial," Matisi v. Liberty Mut. Grp., Inc., No. 10-cv-91-TJM-DEP, slip op. at 15 (N.D.N.Y. Jan. 21, 2011), ECF No. 40, discussed medical evidence that Matisi submitted to Liberty after the disability determination, and specifically cited evidence postdating the disability determination as supporting the conclusion that she was able to return to work on November 20, 2008.

Equally without merit is Matisi's argument that the district court failed to consider evidence outside the administrative record.  Although the district court did not expressly find good cause to exercise its discretion to consider evidence outside the administrative record, see DeFelice v. Am. Int'l Life Assurance Co. of N.Y., 112 F.3d 61, 66 (2d Cir. 1997) ("[T]he decision whether to admit additional evidence is one which is discretionary with the district court, but which discretion ought not to be exercised in the absence of good cause."), or state that it would do so, the district court received testimony from Matisi, Dr. Galyon, and Liberty employee Alicia Gosford, described some of that testimony in its findings of fact, and considered it with the other "evidence introduced at trial."  Matisi v. Liberty Mut. Grp., Inc., No. 10-cv-91-TJM-DEP, slip op. at 15.  Further, even assuming that the district court failed to consider physician progress notes from February 2009 and March 2010 that were not part of the administrative record, any error was harmless because Matisi fails to explain why

_____

[3] Matisi may also have waived the point when she stipulated in the district court that the only factual dispute was whether she was disabled "as of the date Liberty terminated her claim – November 20, 2008."  Joint Pretrial Stipulation at 2.

5

consideration of that evidence would likely have affected the district court's finding that Matisi was not disabled as of November 20, 2008. See Fed. R. Civ. P. 61 ("At every stage of the proceeding, the court must disregard all errors and defects that do not affect any party's substantial rights."); O & G Indus., Inc. v. Nat'l R.R. Passenger Corp., 537 F.3d 153, 166 (2d Cir. 2008) ("Whether an evidentiary error implicates a substantial right depends on the likelihood that the error affected the outcome of the case." (internal quotation marks omitted)).

We have considered plaintiff's remaining arguments on appeal and conclude that they are without merit. Accordingly, the judgment is AFFIRMED.

FOR THE COURT:
CATHERINE O'HAGAN WOLFE, Clerk of Court

6